IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| OTIS ANTONIO SMITH, | ) |
| Petitioner, | ) ) ) |
| v. | ) CIVIL ACTION NO. 1:14-24196 |
| BART MASTERS, Warden, | ) ) ) |
| Respondent. | ) ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's "Motion for Voluntary Dismissal of Petitioner's Pending Motion for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241." (Document No. 9), filed on July 22, 2016.[1] By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) By Order entered on January 6, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 8.)

**FACT AND PROCEDURE**

A.      **Criminal Action No. 7:04-cr-00072:**

On October 18, 2004, Petitioner pled guilty in the United States District Court for the Western District of Virginia to one count of Conspiracy to Possess with Intent to Distribute 50 Grams or More of Cocaine Base in violation of 21 U.S.C. § 846. United States v. Smith, Case

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

No. 7:04-cr-00072 (W.D.Va. July 7, 2005), Document No. 206, 216, 217. On June 28, 2005, the District Court sentenced Petitioner to a 360-month term of imprisonment to be followed by a five-year term of supervised release. Id., Document No. 381. Petitioner did not appeal to the Fourth Circuit Court of Appeals. Id.

By Order entered on April 30, 2008, the Court granted Petitioner's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and reduced Petitioner's sentence to a 292-month term of imprisonment. Id., Document Nos. 550 and 552. By Order entered on October 6, 2011, the Court granted Petitioner's second Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and reduced Petitioner's sentence to a 262-month term of imprisonment. Id., Document No. 664. By Standing Order entered on September 9, 2015, the Court appointed counsel to represent Petitioner regarding the possible application of Johnson v. United States, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Id., Document Nos. 723 and 726.

**B.     First Section 2255 Motion:**

On June 28, 2006, Petitioner, acting *pro se*, filed in the Western District of Virginia a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Smith v. United States, Case No. 7:06-cv-00391 (W.D.Va. April 26, 2007), Document No. 1. Petitioner asserted that trial counsel was ineffective based on the following: (1) "Failing to object to the fact that the three prior offenses were consolidated for sentencing and not a basis for career offender;" and (2) Failing to file an appeal. Id. The United States filed a Motion to Dismiss on October 23, 2006. Id., Document No. 13. Petitioner filed his Response in Opposition on December 1, 2006. Id., Document No. 17. By Orders entered on January 17 and 18, 2007, the Court appointed counsel and scheduled an evidentiary hearing on the issue of whether Petitioner requested that trial counsel file an appeal. Id., Document Nos. 22 - 25. The evidentiary hearing was conducted

on December 12, 2007. Id., Document No. 31. By Proposed Findings and Recommendation filed on March 29, 2007, United States Magistrate Judge Michael F. Urbanski recommended that the United States' Motion to Dismiss be granted and Petitioner's Section 2255 Motion be dismissed. Id., Document No. 38. Petitioner filed his Objections on April 5, 2007. Id., Document No. 39. By Memorandum Opinion and Order entered on April 26, 2007, the District Court adopted Judge Urbanski's Proposed Findings and Recommendation and dismissed Petitioner's Section 2255 Motion. Id., Document No.40.

**C.    Second Section 2255 Motion:**

On August 18, 2006, Petitioner, acting *pro se*, filed in the Western District of Virginia his second Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Smith v. United States, Case No. 7:06-cv-00498 (W.D.Va. August 22, 2006), Document No. 1. As grounds for relief, Petitioner argued that he was deprived of his Sixth Amendment right to effective assistance of counsel (1) "where counsel failed to object to the fact that the Petitioner's prior offenses were related and not a basis for career offender," and (2) "where counsel failed to file a direct appeal after specifically being requested to do so." Id. By Order entered on August 22, 2006, the District Court dismissed Petitioner's Section 2255 Petition because his claims were "substantially identical to the claims" Petitioner raised in Civil Action No. 7:06-cv-00391 which was then pending before Court. Id., Document No. 3.

**D.    Third Section 2255 Motion:**

On October 24, 2011, Petitioner, acting *pro se*, filed in the Western District of Virginia his third Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Smith, Case No. 7:04-cr-00072, Document No. 672. As grounds for relief, Petitioner argued that he was "sentenced as a career offender based upon convictions that have now been dismissed." Id. By

Memorandum Opinion and Order entered on October 27, 2011, the District Court dismissed Petitioner's Section 2255 Motion as successive. Id., Document No. 674 and 675.

E.    **Request for Authorization to File a Successive Section 2255 Motion:**

On October 31, 2011, Petitioner filed with the Fourth Circuit a Motion under 28 U.S.C. § 2244 requesting an order authorizing the District Court to consider a second or successive application for relief under 28 U.S.C. § 2255. In support, Petitioner argued that the dismissal of prior convictions in New Jersey resulted in Petitioner no longer being a career offender under U.S.S.G. § 4B1.1. By Order entered on November 23, 2011, the Fourth Circuit denied Petitioner's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. In re: Otis Smith, No. 11-284 (4th Cir.).

F.    **Section 2241 Petition:**

On July 31, 2014, Petitioner, acting *pro se*, filed his instant Application to Proceed Without Prepayment of Fees or Costs and an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241. (Document Nos. 1 and 2.) In his Petition, Petitioner asserts that he is "no longer a career offender after State charges have subsequently been dismissed." (Document No. 1, p. 6.) Petitioner explains that on October 28, 2004, he pled guilty in the Western District of Virginia to conspiring to distribute over 50 grams of crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A). (Id., p. 10.) Petitioner states that he was classified as a career offender under U.S.S.G. § 4B1.1, based upon his 2002 and 2003 New Jersey drug convictions. (Id.) Petitioner states that "the prior [State] convictions/cases were dismissed on October 28, 2010, at least five years after the career offender guideline enhanced sentence was imposed." (Id., p. 8.) Petitioner acknowledges that he has filed three Section 2255 Motions. (Id.) Petitioner contends that his first Section 2255 Motion was based upon a claim of ineffective

assistance of counsel and a claim that his two State convictions should have been classified as a single occurrence for career offender purposes. (Id.) Subsequent to the dismissal of his initial Section 2255 Motion, Petitioner states that his State convictions were dismissed. (Id.) Petitioner acknowledges that he has file two successive Section 2255 Motions challenging his sentencing as a career offender, which have been unsuccessful. (Id.) Petitioner, therefore, argues that he is entitled to relief pursuant to the savings clause. (Id., pp. 12 - 13.) Accordingly, Petitioner requests that this Court "vacate Petitioner's current sentence and resentence Petitioner" without the career offender enhancement. (Id.)

On July 22, 2016, Petitioner filed his "Motion for Voluntary Dismissal of Petitioner's Pending Motion for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241." (Document No. 9.) Petitioner request that the Court dismiss his Section 2241 Petition without prejudice. (Id.)

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a petitioner may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp.,

819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Respondent has neither filed an Answer to Petitioner's Section 2241 Application nor otherwise pled. Accordingly, the undersigned respectfully recommends that Petitioner's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Petitioner's "Motion for Voluntary Dismissal of Petitioner's Pending Motion for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241." (Document No. 9), **DENY** Petitioner's Motion to Proceed Without Prepayment of Fees and Costs (Document No. 1), **DISMISS** Petitioner's Section 2241 Application (Document No. 2) without prejudice and remove this matter from the

Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: August 9, 2016.

*[signature]*
Omar J. Aboulhosn
United States Magistrate Judge